UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VERSEL GREEN,

        Plaintiff,

v.                                          **DECISION AND ORDER**
                                                        06-CV-629S

NATIONAL GRID, NATIONAL GRID USA
SERVICE COMPANY, INC., NIAGARA MOHAWK
POWER CORPORATION, NIAGARA MOHAWK,
A NATIONAL GRID COMPANY, LOCAL 97,

        Defendants.

      1.      Plaintiff commenced this action by filing a Complaint on September 18, 2006. The Complaint is a five page document bearing the caption of the United States District Court for the Western District of New York. It is dated September 15, 2006 and is signed by an attorney, Ruth M. Pollack, Esq. Her signature has a line drawn through it however, and below the signature line appears another signature and the handwritten words "Versel Green Pro Se."[1]

      2.      On September 15, 2006, Plaintiff filed a three page Verified Complaint in New York State Supreme Court, Erie County, against the same defendants. That action was removed to this Court and assigned Civil Case Number 07-CV-0060E.

      3.      Currently pending in the instant action is Defendant Local 97's Motion to Dismiss the Complaint for Insufficient Service. (Docket No. 5).

      3.      On October 17, 2007, this action and <u>Green v. National Grid</u>, 07-CV-0060E

---

[1] Such notations notwithstanding, Ms. Pollack has been receiving electronic notice of all activity in this case and has not advised this Court that she does not represent Plaintiff. Moreover, this Court has not been advised by Plaintiff that he is not represented by Ms. Pollack, nor has he communicated with this Court directly regarding this case. Plaintiff has not, however, been receiving copies of papers filed in this action.

1

were reassigned to the undersigned after the Hon. John T. Elfvin took inactive senior judge status.

3. Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions if they "involve a common question of law or fact." FED. R. CIV. P. 42(a). A court may consolidate actions *sua sponte*.[2] <u>Devlin v. Transportation Communs. Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1995) (internal citation omitted).

4. The parties and the allegations in this case and in <u>Green v. National Grid</u>, 07-CV-0060S, are identical. Accordingly, the Court concludes that consolidation of these cases is appropriate and thereby orders the two actions consolidated within <u>Green v. National Grid</u>, 07-CV-0060S.

5. Further, as it is undisputed that Defendant Local 97 was served with the Verified Complaint in 07-CV-0060S, and consented to the removal of the action to this Court, Defendant Local 97's Motion to Dismiss the Complaint in this case is denied as moot.

6. Next, as it appears from the Complaint filed in this action that Plaintiff may be proceeding *pro se,* the Clerk's Office is directed to mail a copy of this Order to Plaintiff Versel Green at:

> 120 Meyer Rd. # 603
> Amherst, NY 14226

7. The Clerk's Office shall also mail a copy of this Order to Plaintiff's counsel of record as listed in the Court's records.

IT HEREBY IS ORDERED that this action is consolidated with the matter of <u>Green

---

[2] Although the Notice of Removal seeks to consolidate these actions, no motion seeking such relief has been filed.

v. National Grid, 07-CV-0060S;

FURTHER, that Defendant Local 97's Motion to Dismiss the Complaint for Insufficient Service (Docket NO. 5) is DENIED as moot;

FURTHER, that the Clerk's Office shall mail a copy of this Order to Plaintiff Versel Green at:

>120 Meyer Rd. # 603
>Amherst, NY 14226;

FURTHER, that the Clerk's Office shall also mail a copy of this Order to Plaintiff's counsel of record as listed in the Court's records;

FURTHER, that the Clerk of the Court is directed to take all steps necessary to close the case.

SO ORDERED.

Dated:   April 8,   2008
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge